NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

FOURTH DIVISION
NOVEMBER 16, 2006

No. 1-04-2401

## IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 87 CR 6131 |
| | ) | |
| HENRY KACZMAREK, | ) | Honorable |
| | ) | Lon William Schultz, |
| Petitioner-Appellant. | ) | Judge Presiding. |

### O R D E R

Petitioner Henry Kaczmarek appeals an order of the circuit court of Cook County summarily dismissing his postconviction petition without an evidentiary hearing. This appeal is related to this court's prior opinions in People v. Kaczmarek, 243 Ill. App. 3d 1067 (1993), and People v. Kaczmarek, 318 Ill. App. 3d 340 (2000), as well as our supreme court's opinion in People v. Kaczmarek, 207 Ill. 2d 288 (2003).

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2004)) provides a defendant with a collateral means to challenge his or her conviction or sentence for violations of federal or state constitutional rights. People v. Jones, 211 Ill.2d 140, 143 (2004). Once the defendant files a petition under the Act, the trial court must first, independently and

EXHIBIT L

I-04-2401

without considering any argument by the State, decide whether the defendant's petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2004). To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only a limited amount of detail. People v. Gaultney, 174 Ill.2d 410, 418 (1996). Moreover, a defendant's failure to either (1) attach "the necessary 'affidavits, records, or other evidence'" supporting the petitions allegations or (2) explain their absence will itself justify the petition's summary dismissal. People v. Collins, 202 Ill.2d 59, 66 (2002), quoting 725 ILCS 5/122-2 (West 2000). This court reviews de novo the trial court's dismissal of a postconviction petition without an evidentiary hearing. People v. Simms, 192 Ill.2d 348, 360 (2000).

Petitioner first contends that his petition presented the gist of a constitutional claim that the State presented the perjured testimony of criminalist Pamela Fish to secure his conviction. Petitioner relies in part on People v. Smith, 352 Ill. App. 3d 1095 (2004), which also involved a claim of perjured testimony by Fish.

In Smith, however, the petitioner attempted to obtain information regarding matters outside the record with document subpoenas and the deposition subpoena of Fish but was prevented by the State from doing so with the State's successful motion to quash, thereby limiting the nature and extent of the documentation produced and attached to the petition. Smith, 352 Ill. App. 3d at 1106-07. In this case, there was no such action by the State. To the contrary, in this case, the record shows that petitioner here had the same forensic samples as Fish, yet the petition here makes no claim that tests commissioned by petitioner yielded conclusions contrary to those reached by Fish. In addition, petitioner concedes that defense counsel met with and received documentation from Fish. Petitioner asserts that it is not clear from the record what his counsel

1-04-2401

discussed with Fish or what documentation his counsel received, but this is true precisely because petitioner submitted none of this material or affidavits from his prior counsel on the subject. The attempt to invert the burden of supporting the postconviction claim with affidavits, evidence or other records under the Act is unavailing.

Indeed, in Smith, the petition quoted a Chicago Tribune article, alleging, based on a report released in January 2001 by forensic DNA expert Dr. Edward Blake and criminalist Alan Keel analyzing Fish's serological work in several criminal cases unrelated to that case, that "in many of these cases, Ms. Fish misrepresent[ed] the scientific significance of her findings either directly or by omission. *** The nature of these errors is such that a reasonable investigator, attorney or fact finder would be misled ***. And, always she offered the opinion most damaging to the defendant." Smith, 352 Ill. App. 3d at 1111, quoting Maurice Possley, DNA Test Basis of Release Request, Chicago Tribune, October 9, 2002, at Metro 1. The petition in Smith also alleged that Dr. Blake in a report characterized Fish's trial testimony as "scientific fraud" in the Lori Roschetti case where, after DNA testing was ordered, all of the defendants were exonerated. Smith, 352 Ill. App. 3d at 1111, quoting Maurice Possley & Steve Mills, Chicago Tribune, November 14, 2001. Attached to the petition in Smith were the various Chicago Tribune articles quoting Blake and Keel. However, the petitioner in Smith failed to attach the actual reports from Blake or Keel. Smith, 352 Ill. App. 3d at 1111.

This court held that it need not address the accuracy of the newspaper articles. Smith, 352 Ill. App. 3d at 1111. The record reflected no explanation by defendant as to why the actual reports by Blake and Keel are not attached to the petition. The Smith court ruled that by not attaching Blake and Keel's reports or explaining their absence, Smith failed to comply with section 122-2 of the Act which requires either that such records be attached or an explanation provided as

-04-2401

to why the records are not attached. 725 ILCS 122-2 (West 1998). Accordingly, the <u>Smith</u> court

held that the Act precluded the court from relying on the information provided by Blake and Keel.

In this case, as in <u>Smith</u>, petitioner attached newspaper articles to his petition discussing

reports by Blake and Keel, as well as a report by Dr. Howard Harris regarding the Chicago Police

Department's crime laboratory. As in <u>Smith</u>, petitioner failed to attach the reports themselves to

his petition. Thus, as in <u>Smith</u>, petitioner has failed to comply with section 122-2 of the Act. This

failure by itself justifies the petition's summary dismissal. <u>Collins</u>, 202 Ill.2d at 66.

Petitioner also contends that his petition presented the gist of a constitutional claim that he

received ineffective assistance of trial and appellate counsel for their failure to challenge the

admissibility of expert testimony regarding luminol testing and blood spatter evidence under the

<u>Frye</u> test in determining the admissibility of expert testimony based on novel scientific evidence.

See <u>Frye v. United States</u>, 293 F. 1013 (D.C. Cir. 1923); <u>Donaldson v. Central Illinois Public</u>

<u>Service Co.</u>, 199 Ill. 2d 63, 76-77, 767 N.E.2d 314, 323 (2002).

In this case, petitioner alleged that:

> "As is shown in the record, the Court had a grudge of some
>
> sort against the defendant. Defendant doesn't know and can only
>
> speculate as to the judge's reasons for the bias. But it is evident
>
> where the court declared all of the stat's [sic] witnesses to be
>
> 'expert' witnesses at the state's request even though their credentials
>
> suggested otherwise, and refused to declare the defendant's forensic
>
> witness as 'expert' despite the fact that his credentials suggested he
>
> was in fact an expert."

I-04-2401

This type of allegation simply does not present the "gist" of a claim that his trial and appellate counsel were ineffective for failing to raise a <u>Frye</u> issue.  Accordingly, petitioner has failed to show that the trial court erred in summarily dismissing his petition.

For all of the aforementioned reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, J., with QUINN, P.J., and NEVILLE, J., concurring.

*Curry*

# IN THE
## APPELLATE COURT OF ILLINOIS
## FIRST DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,           )
                                                                        )
    Respondent-Appellee,                          )
                                                                        )
v.                                                                     )          No. 1-04-2401
                                                                        )
HENRY KACZMAREK,                                      )
                                                                        )
    Petitioner-Appellant.                            )

## O R D E R

Upon consideration of the Petition for Rehearing filed by Petitioner-Appellant,

HENRY KACZMAREK, on December 6, 2006.

IT IS HEREBY ORDERED that said Petition for Rehearing is DENIED.

**ORDER ENTERED**

JAN 2 3 2007

APPELLATE COURT, FIRST DISTRICT

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

**RECEIVED**

JAN 2 3 2007

DOCKETING DEPARTMENT
State Appellate Defender, 1st District

## CERTIFICATE OF COMPLIANCE

I, Sarah Curry, certify that this brief conforms to the requirements of Supreme Court

Rules 341(a) and (b) and 315(d). The length of this brief, excluding the appendix is <u>16</u>

pages.

SARAH CURRY
Assistant Appellate Defender